CITY OF CONNERSVILLE *v.* CONNERSVILLE HYDRAU-
LIC COMPANY ET AL.

[No.˙ 10,382.   Filed November 5, 1920.   Rehearing denied the
Cleveland, Cincinnati, Chicago and St. Louis Railway Com-
pany, March 15, 1920, and the Connersville Hydraulic
Company March 29, 1921.   Transfer denied the
Connersville Hydraulic Company December 20,
1921.]

CANALS.—*Repair of Bridges.—Action to Compel Payment by
Water Company.*—In an action by a city to recover from
a water company and a railroad company the cost of repair-
ing bridges over a canal where streets of a city crossed the
canal, paragraphs of complaint *held* sufficient to withstand
demurrer of each defendant.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by the city of Connersville against the Con-
nersville Hydraulic Company and the Cleveland, Cin-
cinnati, Chicago and St. Louis Railway Company. From
a judgment for defendants, the plaintiff appeals. *Re-
versed.*

*James A. Clifton, G. Edwin Johnston* and *Allen Wiles,*
for appellant.

*George D. Forkner, Frank L. Littleton, Forrest Chen-
oweth, Florea & Broaddus* and *John L. Rupe,* for appel-
lees.

McMAHAN, C. J.—Complaint against the appellees
Connersville Hydraulic Company and the Cleveland,
Cincinnati, Chicago and St. Louis Railway Company, to
recover the cost of repairing certain bridges where
Seventh and Eighth streets in the city of Connersville
cross the White Water canal.

The question on this appeal arises out of the action
of the trial court in sustaining a demurrer to the first
and second˙ paragraphs of the complaint.   Both para-
graphs of complaint are in substance the same, the only
difference being that the first paragraph seeks to re-

cover the cost of repairing a bridge on Seventh street, while the second paragraph seeks to recover the cost of repairing a bridge on Eighth street.

The facts alleged in each paragraph are in substance the same as are alleged in the complaint which was before the court in *City of Indianapolis* v. *Indianapolis Water Co.* (1916), 185 Ind. 277, 113 N. E. 369.

The only difference between the complaint in that case and the complaint now under consideration is that the names of the parties are different, and each paragraph in this case alleges that the State of Indiana in pursuance of an act of the General Assembly, approved January 27, 1836, undertook the construction of the White Water canal from a point on the west branch of White river where crossed by the National Road, thence down the valley of said river to the Ohio river at Lawrenceburg. The state having become financially embarrassed, the legislature authorized the incorporation of the White Water Valley Canal Company, Local Laws 1842 p. 37, and all the said canal property owned by the state in the counties of Dearborn, Franklin, Fayette and Wayne and in the town, now city of Connersville, and across said Seventh and Eighth streets in said town was afterwards taken over by said canal company. Said canal company owned and operated this canal until 1865, when it being unable to carry out the conditions of certain leases of its water power which it had entered into, the legislature adopted and passed an act authorizing railroad companies to occupy and use for railroad purposes the property of canal companies with their consent and for the protection of the hydraulic powers of such canals. Acts 1865 p. 116. In pursuance to this act, said canal company in December, 1865, entered into a written agreement with White Water Valley Railroad Company, wherein it granted and conveyed to said railroad company with the right to use

and occupy forever for railroad purposes, all the real and personal property of the canal company from a point where said canal crossed the Ohio and Indiana state line to the north end of said canal in Wayne county. subject to the provision that the railroad company should not impair the hydraulic power of the canal company or its lessees, or impair the right of way of the canal company to run water in said canal for hydraulic purposes to supply its then lessees with water power. Said railroad company thereafter constructed a line of railroad along and over said canal property, and over and across said Seventh and Eighth streets. The appellee railway company is now, through mesne conveyances and articles of consolidation, the owner of all the said property, rights and privileges so conveyed to said White Water Valley Railroad Company and is now operating said line of railroad over and on said canal property. All the interest and rights of the said canal company so reserved and excepted in the said conveyance to the White Water Valley Railroad Company have been conveyed to, and are now owned by the appellee Connersville Hydraulic Company.

Appellee hydraulic company contends that no question is presented as to the action of the court in sustaining its demurrer to the several paragraphs of complaint, for the reason that appellant has failed to set out a copy of the memorandum filed by appellee in support of its said demurrer. The hydraulic company has, however, set the memorandum out in its brief, thus informing the court as to the question presented by the demurrer.

All of the objections urged by the appellees to each paragraph of the complaint were discussed by the court in *City of Indianapolis* v. *Indianapolis Water Co., supra,* where the questions were all decided against the contentions made by appellees.

On authority of that case we hold that each paragraph

of the complaint is sufficient to withstand the demurrer of each appellee and that the court erred in sustaining the demurrer of each appellee.

The question of the liability of appellees as between themselves is not before us for determination. It will be time for us to determine that question when presented.

Judgment reversed with direction to overrule the demurrer of each appellee to each paragraph of complaint and for further proceedings not inconsistent with this opinion.